Troy Law, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective,
and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------- x

MING EN WANG,
*on behalf of himself and others similarly situated,*
                              Plaintiff,

             v.

HAIYING REN
      a/k/a Michael Chen
      a/k/a Michael Ren,
                              Defendant.

--------------------------------------------------------------- x

Case No: 19-cv-05310

**29 U.S.C. § 216(b)
COLLECTIVE ACTION &
FED. R. CIV. P. 23 CLASS
ACTION**

**COMPLAINT**

Plaintiff Ming En Wang (hereinafter referred to as "Plaintiff"), on behalf of himself and others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this Complaint against Defendant Haiying Ren a/k/a Michael Chen a/k/a Michael Ren (hereinafter referred to as "Defendant"), and alleges as follows:

**INTRODUCTION**

1. This action is brought by the Plaintiff Ming En Wang, on behalf of himself as well as other employees similarly situated, against the Defendant for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and New York Labor Law (NYLL), arising from Defendant's ss various willfully and unlawful employment policies, patterns and practices.

2. Upon information and belief, Defendant have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in pattern and practice of

failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3. Defendant refused to record all of the time that Plaintiff and similarly situated employees employed by Yong Lee Inc. d/b/a Spice Saigon, a restaurant located at 1237 First Avenue, New York, NY 10065, work or worked, including work done in excess of forty hours each week.

4. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendant: (1) unpaid minimum wage, (2) unpaid overtime wages (3) liquidated damages, (4) prejudgment and post-judgement interest; and or (5) attorney's fees and cost.

5. Plaintiff further alleges pursuant to NYLL § 650 et seq. and 12 New York Codes, Rules and Regulations § 146 (NYCRR) that he is entitled to recover from the Defendant: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendant's failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendant's failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple

prejudgment interest provided by NYLL, (7) post-judgment interest, and (8) attorney's fees and costs.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendant conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

8. Plaintiff Ming En Wang ("WANG") was employed by Defendant to work as a deliveryman at Spice Saigon, a restaurant located at 1237 First Avenue, New York, NY 10065.

## DEFENDANT

9. Yong Lee Inc d/b/a Spice Saigon is a domestic business corporation organized under the laws of the State of New York with a principal address at, 1237 First Avenue, New York, NY 10065.

10. Yong Lee Inc d/b/a Spice Saigon is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

11. Yong Lee Inc d/b/a Spice Saigon purchased and handled goods moved in interstate commerce.

12. At all relevant times, the work performed by Plaintiff was directly essential to the businesses operated by Yong Lee Inc d/b/a Spice Saigon.

13. At all relevant times, Yong Lee Inc d/b/a Spice Saigon employed in excess of ten (10)

employees at any one time.

14. The Defendants is an officer, director, manager and/or majority shareholder or owners of Yong Lee Inc d/b/a Spice Saigon and being among the ten largest shareholders and/or LLC members, are individually responsible for unpaid wages under the New York Business Corporation Law and Limited Liability Company Law. NYBSC § 630(a), NYLLC § 609(c).

15. Haiying Ren a/k/a Michael Chen a/k/a Michael Ren, known to Plaintiff as "boss," (1) had the power to hire and fire employees of Yong Lee Inc d/b/a Spice Saigon (2) supervised and controlled employee work schedules or conditions of employment at Yong Lee Inc d/b/a Spice Saigon, (3) determined the rate and method of payment of employees at Yong Lee Inc d/b/a Spice Saigon, and (4) maintained employee records at Yong Lee Inc. d/b/a Spice Saigon.

16. Haiying Ren a/k/a Michael Chen a/k/a Michael Ren was actively involved in the day-to-day management of Yong Lee Inc d/b/a Spice Saigon.

17. Haiying Ren a/k/a Michael Chen a/k/a Michael Ren e acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with Yong Lee Inc d/b/a Spice Saigon.

18. Jing Yang is a 100% shareholder of Yong Lee Inc.

19. Upon information and belief, Haiying Ren a/k/a Michael Chen a/k/a Michael Ren is the husband of Jing Yang.

20. Upon information and belief, Jing Yang is the 100% shareholder of Yong Lee Inc. d/b/a Spice Saigon.

21. Haiying Ren a/k/a Michael Chen a/k/a Michael Ren hired Plaintiff on or about November

6, 2015.

22. Haiying Ren a/k/a Michael Chen a/k/a Michael Ren determined Plaintiff's pay rate.

23. Haiying Ren a/k/a Michael Chen a/k/a Michael Ren determined Plaintiff's working schedule.

24. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

25. Defendant committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

26. Pursuant to NYCRR Part 146-2.2 and 29 USC § 203(m), an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of the tip credit.

27. At all relevant times, Defendant knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New York minimum wage for each hour worked.

28. At all relevant times, Defendant knowingly and willfully failed to pay Plaintiff and similar situated employees their lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

29. While employed by Defendant, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

30. Defendant failed to keep full and accurate records of Plaintiff's hours and wages.

31. Upon information and belief, Defendant failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendant never furnished any notice of their use of tip credit.

32. At all relevant times, Defendant knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

33. Defendant knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

34. Defendant did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

*Plaintiff Ming En Wang*

35. On or about November 6, 2015, Plaintiff Ming En Wang was hired by Defendant to work as a deliveryman at Spice Saigon, located on 1237 First Avenue, New York, NY 10065.

36. At the time he was hired, Plaintiff Ming En Wang was not provided any notice reflecting true rates of pay and payday, whether in English or Chinese, Plaintiff's native language.

37. From on or about November 6, 2015 to September 30, 2017, Plaintiff Ming En Wang regular work schedule ran from 11:00 to 23:00, for 12 hours, from Mondays through to Saturdays.

38. Form on or about November 6, 2015 to September 30, 2017, Plaintiff Ming En Wang was required to conduct grocery shopping for 4 days per week from 9:00 to 10:00 in the morning.

39. Throughout his employment, Plaintiff Ming En Wang was afforded no rest breaks during

each working day.

40. Defendant provided 2 ten-minute "meal breaks" for Plaintiff to have "lunch" and "dinner." However, if an order came in during Plaintiff's meal break, Plaintiff Ming En Wang would have to cut his break short to deliver it. Often times, the restaurant was too busy, and Plaintiff would not have the time to have these meals at all.

41. From on or about November 6, 2015 to September 30, 2017, Plaintiff Ming En Wang worked approximately 74 hours per week.

42. Throughout his employment, Plaintiff Ming En Wang was paid a flat salary of seven hundred dollars ($700.00) per half a month, no matter how many hours he actually worked.

43. Throughout his employment, Plaintiff Ming En Wang was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

44. Throughout his employment, in addition to his duties as a deliveryman, Plaintiff Ming En Wang was required to perform non-tipped side work, including cutting boxes and running errand. Plaintiff Ming En Wang spent at least 2 hours per day performing non-tipped side work.

45. Throughout his employment, Plaintiff Ming En Wang was not compensated at least at one-and-one-half of the minimum wage or his calculated hourly wage, whichever is greater, for all hours worked above forty (40) in each workweek.

46. Throughout his employment, Plaintiff Ming En Wang was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt restaurant employees (including but not limited to deliverymen, servers, sushi chefs, cooks, dishwashers, and other kitchen staff) who have been or were employed by the Defendant for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

48. Plaintiff brings his NYLL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendant on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

49. All said persons, including Plaintiff, are referred to herein as the "Class."

50. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendant. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendant's records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

51. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the

precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendant, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

52. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendant employed Plaintiff and the Class within the meaning of the New York law;

   b. Whether Plaintiff and Class members are entitled to and paid minimum wage under the New York Labor Law;

   c. Whether Plaintiff and Class members are entitled to and paid overtime under the New York Labor Law;

   d. Whether Defendant maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the NYLL;

   e. Whether Defendant provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or timely thereafter;

   f. Whether Defendant provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiffs and the Rule 23 class on each payday; and

   g. At what common rate, or rates subject to common method of calculation was and is Defendant required to pay the Class members for their work.

*Typicality*

53. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same practices of Defendant, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendant's widespread policies and practices affected all Class members similarly, and Defendant benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

54. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

55. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against Defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the

expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

56. Upon information and belief, Defendant and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Failure to Pay Minimum Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

57. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully

set forth herein.

58. At all relevant times, Defendant had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the similarly situated collective action members, for some or all of the hours they worked.

59. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

60. Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### [Violation of New York Labor Law—Failure to Pay Minimum Wage Brought on behalf of Plaintiff and Rule 23 Class]

61. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

62. At all relevant times, Plaintiff was employed by Defendant within the meaning of New York Labor Law §§ 2 and 651.

63. At all relevant times, Defendant had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

64. Defendant knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

65. An employer who fails to pay the minimum wage shall be liable, in addition to the amount

of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

### COUNT III.
**[Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]**

66. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

67. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

68. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

69. Defendant's failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

70. At all relevant times, Defendant had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

71. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

72. Defendant willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

73. Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

**COUNT IV.**
**[Violation of New York Labor Law—Failure to Pay Overtime**
**Brought on behalf of Plaintiff and Rule 23 Class]**

74. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

75. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

76. At all relevant times, Defendant had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff and the class are entitled to.

77. Defendant's failure to pay Plaintiff his overtime pay violated the NYLL.

78. Defendant's failure to pay Plaintiff was not in good faith.

## COUNT V.
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiff and Rule 23 Class]

79. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

80. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§ 650, *et seq.*, and New York State Department of Labor regulations § 146-1.6.

81. Defendant's failure to pay Plaintiff spread-of-hours pay was not in good faith.

## COUNT VI.
### [Violation of New York Labor Law—Failure to Keep Records
### Brought on behalf of Plaintiff and Rule 23 Class]

82. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

83. Defendant did not maintain, establish and preserve Plaintiffs' weekly payroll records for a period of not less than six years, as required by NYCRR § 146-2.1.

84. As a result of Defendant's unlawful conduct, Plaintiff have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

85. Upon information and belief, Defendant failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

86. Defendant's failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

## COUNT VII.
**[Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice Brought on behalf of Plaintiff and Rule 23 Class]**

87. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

88. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

89. Defendant intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

90. Defendant not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

91. Due to Defendant's violations of New York Labor Law, Plaintiff is entitled to recover from Defendant, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VIII.
### [Violation of New York Labor Law—Failure to Provide Wage Statements Brought on behalf of Plaintiff and Rule 23 Class]

92. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

93. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-3.

94. Defendant have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

95. Due to Defendant's violations of New York Labor Law, Plaintiff is entitled to recover from Defendant, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendant as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e) An injunction against Defendant from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due to Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g) An award of liquidated and/or punitive damages as a result of Defendant's knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h) Up to five thousand dollars ($5,000) per Plaintiff for Defendant's failure to provide a Time of Hire Notice detailing rates of pay and payday;

i) Up to five thousand dollars ($5,000) per Plaintiff for Defendant's failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages,

any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j) An award of liquidated and/or punitive damages as a result of Defendant's willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

k) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

l) The cost and disbursements of this action;

m) An award of prejudgment and post-judgment fees;

n) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

o) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
June 5, 2019

          TROY LAW, PLLC
          *Attorney for the Plaintiffs, proposed FLSA Collective and Proposed Class Plaintiffs*

          /s/ John Troy
          John Troy (JT 0481)
          41-25 Kissena Boulevard Suite 119
          Flushing, NY 11355
          Tel: (718) 762-1324
          johntroy@troypllc.com