UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MING EN WANG,
                              Plaintiff,

          -v-

HAIYING REN
a/k/a Michael Chen
a/k/a Michael Ren,
                              Defendant.

19-CV-5310 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

       Plaintiff Ming En Wang brings this action against Defendant Haiying Ren, claiming violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law ("NYLL"). (Dkt. No. 1 ("Compl.").) Defendant has moved to dismiss this action, invoking the Court's inherent power to avoid duplicative litigation in light of another action currently before the Court, *Wang v. Yong Lee Inc. et al.*, 17-cv-9582 ("*Wang I*"). (Dkt. No. 17.) For the reasons that follow, Defendant's motion is granted.

**I.    Background**

    **A.    Factual Background**

       Plaintiff was a deliveryperson for Spice Saigon, a restaurant in New York City. (Compl. ¶ 8.) He worked for Spice Saigon from November 2015 to September 2017. (Compl. ¶¶ 35, 37.) Defendant, who was known to Plaintiff as "boss," hired Plaintiff and allegedly had significant managerial power at Spice Saigon. (Compl. ¶ 15.) Specifically, Defendant had control over the hiring and firing of employees, the rate and method of employees' pay, and employee records. (Compl. ¶ 15, 22.) Furthermore, Defendant was actively involved in the day-to-day management of Spice Saigon, by way of supervising and controlling employees' work schedules and working

1

conditions.  (Compl. ¶ 15, 16, 23.)  At all relevant times, Defendant's wife, Jing Yang, was the "100% shareholder" of Spice Saigon, which is incorporated as Yong Lee Inc.  (Compl. ¶¶ 9, 19, 20.)

Plaintiff alleges that Defendant failed to pay him the minimum wage and overtime compensation (Compl. ¶¶ 2, 27, 28); failed to provide adequate wage statements and keep proper records of the hours that Plaintiff worked (Compl. ¶¶ 23, 30, 32); failed to display posters regarding the minimum wage, overtime pay, tip credit, and other payment information (Compl. ¶ 34); and subjected Plaintiff to harsh working conditions by, *inter alia*, affording Plaintiff just two ten-minute breaks during his daily twelve-hour shifts.  (Compl. ¶¶ 39–41.)

### B. *Wang I* and the Current Suit

On December 6, 2017, Plaintiff brought suit against Yong Lee Inc. d/b/a Spice Saigon, Jing Yang, and two unidentified defendants (collectively "*Wang I* Defendants"), alleging the same facts and causes of action as in the current suit.  (*See* Dkt. No. 17-1 at 4.)  During discovery in *Wang I*, the *Wang I* Defendants had Defendant here answer Plaintiff's interrogatories, asserting that Defendant was "the *only* person, other than the Plaintiff, with relevant knowledge." (*Id.*)  Furthermore, in a deposition in *Wang I*, Defendant here identified himself as the person who hired and paid Plaintiff, as well as the person in charge of keeping records for Spice Saigon.  (Dkt. No. 20 at 1.)

Plaintiff failed to identify Defendant here as a defendant in *Wang I* until three months after Defendant's deposition, purportedly "because the [*Wang I*] parties were engaged in active settlement negotiations."  (Dkt. No. 20 at 1–2.)  Plaintiff requested leave to amend, to name Defendant as a party in *Wang I*, just before trial in the case was scheduled to begin.  (Dkt. No. 20 at 4.)  This Court denied the request as untimely.  (*Id.*)

Plaintiff then filed this suit against Defendant on June 5, 2019, claiming that Defendant, as Plaintiff's employer, violated state and federal employment law. (Compl.) Defendant argues that this suit is duplicative of *Wang I* and seeks dismissal pursuant to the Court's inherent authority to administer its docket.[1] (Dkt. No. 17-1 at 4.)

## II. Discussion

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (citation omitted). "This is because a plaintiff has 'no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.'" *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 504 (2d Cir. 2019) (quoting *Curtis*, 226 F.3d at 139). However, the rule is applicable only if the cases are indeed the same. *Id.* (citation omitted). For the cases to be the same, "[t]here must be the same parties, or at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the title, or essential basis, of the relief sought must be the same." *Id.* (citation omitted). Importantly, if the "defendants in two similar actions are different," then the rule against duplicative litigation may not be applicable. *Id.* at 505. But, where "the defendants in the second suit are in privity with the defendants in the

---

[1] Defendant styles his motion as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (Dkt. No. 17-1 at 4.) Because Defendant filed this motion in place of an answer to Plaintiff's complaint, a Rule 12(c) motion — which may be filed "[a]fter the pleadings are closed" — would be premature. Fed. R. Civ. P. 12(c). Accordingly, the Court treats Defendant's motion as a motion to dismiss for failure to state a claim, brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Admittedly, the difference between these motions is largely "academic," as "district courts apply an identical legal standard to both motions," "accept[ing] all allegations in the non-movant's pleadings as true and draw[ing] all inferences in that party's favor." *Yongfu Yang v. An Ju Home, Inc.*, No. 19-cv-5616, 2020 WL 3510683, at *2 (S.D.N.Y. June 29, 2020) (citations omitted).

first suit," the rule against duplicative litigation is still in play.  *See Barclay v. Lowe*, 131 F. App'x. 778, 779 (2d Cir. 2005).

Defendant argues (Dkt. No. 17-1 at 4), and Plaintiff cannot deny, that the current action contains the same facts, harms, and causes of actions as *Wang I*.  The only difference between the two cases is the cast of defendants.  Defendant contends that this is a distinction without a difference, as he is in privity with the *Wang I* Defendants, as Spice Saigon's manager.  (Dkt. No. 17-1 at 9.)  Defendant is correct.

Courts in the Second Circuit have previously held that employees are in privity with their employers.  "Indeed, courts have long recognized that privity exists between employees and their employers for res judicata purposes," *Reininger v. New York City Transit Auth.*, No. 11-cv-7245, 2016 WL 10566629, at *4 (S.D.N.Y. Dec. 22, 2016) (collecting cases), and "the same principles" regarding privity that apply "in the context of claim preclusion . . . apply in the context of the rule against duplicative litigation," *Sacerdote*, 939 F.3d at 506.  Recently, in *Malcolm v. Rochester City School District*, the Second Circuit concluded that a "district court would have been well within its authority to dismiss [the plaintiff's] claims as duplicative" because the defendants, "as RCSD employees, were in privity with RCSD, which was named as a defendant in [an earlier case]."  _ F. App'x _, 2020 WL6608326, at *1 (2d Cir. Nov. 12, 2020). Nothing distinguishes the employer-employee relationship at issue in *Malcolm* from the relationship between Yong Lee Inc. d/b/a Spice Saigon and Defendant.  Accordingly, the Court concludes that Defendant is in privity with the *Wang I* Defendants and that this case is duplicative of *Wang I*.

This duplicative litigation is "not the proper procedure for . . . adding additional parties" to *Wang I*, *James v. AT&T Corp.*, 334 F. Supp. 2d 410, 412 (S.D.N.Y. 2004), and instead is an

effort to "circumvent[] the rules pertaining to the amendment of complaints" and to circumvent the Court's denial of Plaintiff's belated motion to name Defendant in *Wang I*, *Morency v. Village of Lynbrook*, 1 F. Supp. 3d 58, 62 (E.D.N.Y. 2014) (internal quotation marks and citation omitted). In the interest of preserving judicial economy and preventing the "evasion of well-established process[es]," *McFarlane v. Iron Mountain Info. Mgmt. Servs. Inc.*, No. 17-cv-9739, 2018 WL 941748, at *3 (S.D.N.Y. Feb. 16, 2018), the Court decides that dismissal is warranted.

### III.   Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. The Clerk of Court is directed to close the motions at Docket Numbers 17, 22, and 28 and to close the case.

SO ORDERED.

Dated: November 20, 2020
       New York, New York

_____
                          J. PAUL OETKEN
                          United States District Judge