UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MING EN WANG,

                Plaintiff,

      -v-

HAIYING REN
a/k/a Michael Chen
a/k/a Michael Ren,

                Defendant.

19-CV-5310 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

    Plaintiff Ming En Wang brought this action against Defendant Haiying Ren, claiming violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law ("NYLL"). (Dkt. No. 1 ("Compl.").) Plaintiff's counsel filed this action in an attempt to pursue claims against Haiying Ren as a defendant after he failed to name Ren in a timely manner in a virtually identical lawsuit before this Court, *Wang v. Yong Lee Inc. et al.*, 17-cv-9582 ("*Wang I*").

    Plaintiff has moved for reconsideration of this Court's November 20, 2020 opinion and order dismissing this action. For the reasons that follow, Plaintiff's motion for reconsideration is denied.

**I.    Background**

    The Court presumes familiarity with the background of this case and the related case, *Wang I*, as described in this Court's opinion and order dated November 20, 2020. (*See* ECF No. 34.)

**II.     Legal Standard**

"Motions for reconsideration are . . . committed to the sound discretion of the district court." *Liberty Media Corp. v. Vivendi Universal, S. A.*, 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012)).  While "a party may not advance new facts, issues or arguments not previously presented to the Court," *Nat'l Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001), reconsideration may be granted because of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Hollander v. Members of the Bd. of Regents*, 524 Fed. App'x. 727, 729 (2d Cir. 2013).  "The standard for granting . . . a motion [for reconsideration] is strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters . . . that might reasonably be expected to alter the conclusion reached by the court." *Id*.

**III.    Discussion**

Plaintiff argues that the Court erred in concluding that the Defendant here was in "privity" with the Defendants in *Wang I*, including Jing Yang, Defendant's wife.  He argues that the Court mistakenly described their relationship as that of employer and employee, when in fact Ren and Yang are "co-employers."

It makes no difference whether Defendant Ren was a co-employer of Plaintiff or an employee of the business.  For principles of preclusion and duplicative litigation to apply, it is "well settled in this circuit that literal privity is not a requirement." *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 285 (2d Cir. 2000).  Rather, it is necessary only that a party's "interests were adequately represented by another vested with the authority of representation" in the prior litigation.  *Alpert's Newspaper Delivery, Inc. v. The New York Times*

2

*Co.*, 876 F.2d 266, 270 (2d Cir.1989). Ren's interests were clearly represented in the virtually identical *Wang I* litigation, which asserted wage-and-hour claims against the restaurant business where Plaintiff worked and its owners and managers, including Ren's wife. That Plaintiff failed to seek to amend the complaint in *Wang I* in a timely manner to add Defendant Ren does not give him the opportunity to get a second bite at the apple in a new lawsuit.

## IV.   Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. The Clerk of Court is directed to close the motion at ECF No. 36.

SO ORDERED.

Dated: February 15, 2022
       New York, New York

_____
J. PAUL OETKEN
United States District Judge